## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-1395-DWD** |
| | ) | |
| **JOSHUA S. DWIGHT,** | ) | |
| **AMY J. DWIGHT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff United States of America brings this action against Defendants Joshua S. Dwight and Amy J. Dwight seeking a judgment of foreclosure (Doc. 1).  Plaintiff filed proofs of service indicating that it served Defendants on August 12, 2022 (Doc. 7; Doc. 8). On September 19, 2022, after Defendants failed to appear and Plaintiff provided sufficient evidence of service, the Clerk entered default against Defendants (Doc. 10).

Now before the Court is Plaintiff's Motion for Default Judgment against Defendants (Doc. 12).  Illinois law permits a judgment of foreclosure when the allegations in the complaint are not denied in a verified answer and the plaintiff has provided a sworn verification of the facts in the complaint or a separate affidavit setting forth the facts.  *See* 735 ILCS 5/15-1506(a)(1). When a sworn verification or affidavit has been provided, a court may enter a judgment of foreclosure for the amount stated in the complaint on a "motion supported by an affidavit stating the amount which is due the mortgagee." 735 ILCS 5/15-1506(a)(2). Meleah Smith, the Illinois Housing Program

Director for Rural Development, United States Department of Agriculture, f/k/a Farmers Home Administration, provided a sworn declaration affirming the facts stated in the Complaint and stating the amount due to the mortgagee. (Doc. 12-2).

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345. Venue is proper under 28 U.S.C. § 1391 because the property that is the subject of the action is located within the Southern District of Illinois. The Court finds that Plaintiff has met all of the requirements for default judgment under the Federal Rules of Civil Procedure, the local rules of this Court, and the applicable federal and state statutes. Therefore, the Court **GRANTS** Plaintiff's motion for default judgment (Doc. 12) and finds as follows:

1.      Plaintiff, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made loans to Joshua S. Dwight and Amy J. Dwight, secured by mortgages dated August 3, 2012 and January 3, 2013 (Exhibits A and B of the Complaint, Doc. 1-1, pp. 1-12), in the total principal amount of $100,628.00.  The mortgages were recorded on August 3, 2012 and January 9, 2013 in Jackson County, Illinois (*Id.*).  These loans are evidenced by promissory notes dated August 3, 2012 and January 3, 2013 (Exhibits C and D of the Complaint, Doc. 1-1, pp. 13-18).  Defendants Joshua S. Dwight and Amy J. Dwight defaulted on the notes.  On May 2, 2019, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued notices of acceleration (Exhibit E of the Complaint, Doc. 1-1, pp. 19-28).  The property has been abandoned as set forth in the affidavit of abandonment (Exhibit F of the Complaint, Doc. 1-1, at p. 29), dated February

22, 2022.

    2.    That the following are the names of persons that who that may have claimed an interest in the below-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Joshua S. Dwight and Amy J. Dwight.

    3.    That by virtue of the mortgage and indebtedness thereby secured, the Plaintiff, United States of America, has a valid and subsisting lien as follows:

        Common address: 2104 Hortense Street, Murphysboro, Illinois 62966

        Lots 11 and 12 in Block 7 in Herbert's Addition to the City of Murphysboro, Illinois, as shown by the recorded Plat thereof in Book 3 of Plats on Page 158, in the Recorder's Office of Jackson County, Illinois, EXCEPT all coal, oil, gas, and other minerals.

        Property ID No. 14-05-254-025, 15-05-254-019, 14-05-254-020

    4.    That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due Plaintiff, the United States of America, as follows:

    (a)    For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees | $ 456.00 |
| U.S. Marshals costs for service of summons | $ 668.76 |
| Escrow/Impound Required | $ 2,423.25 |
| Late Charges | $ 87.08 |
| Interest on Fees | $ 597.86 |
| Title expenses | $ 625.00 |
| Escrow Expenses | $ 11,582.68 |
| Custodial Expenses | $ 1,120.00 |
| Utilities | $ 247.31 |
| TOTAL | $ 17,807.94 |

    (b)    For the use and benefit of the Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to

the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

Unpaid principal balance...............................................   $ 75,354.61

Accrued interest at $7.6139 per day due and
unpaid as of October 28, 2022 .....................................   $   9,780.66

TOTAL                    .......................................................   $ 85,135.27

Total amount due plaintiff as of October 28, 2022,
Including costs detailed in 4(a) ...................................   $102,943.21

(c)      In addition, the Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection     with     the     foreclosure, including, without limiting the generality of   the   foregoing,   filing fees, stenographer's fees, witness fees, costs of publication,   costs   of procuring and preparing documentary evidence and   costs        of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)      Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)      In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f)      In order to protect and preserve the mortgaged real estate, it may also become necessary for the Plaintiff to make such repairs to the  real  estate  as  may  reasonably  be  deemed  for  the  proper preservation thereof.

(g)      Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is

provided, at the statutory judgment rate.

5.     That Jackson County, Illinois, has a valid lien on the above-described property for tax for the year 2022, and the property will be sold subject to the interest of Jackson County, resulting from taxes, general or special, which are a valid lien against the above-described property.

Therefore, it is **ORDERED** that judgment is entered against Joshua S. Dwight and Amy J. Dwight, for **$102,943.21**, and unless the Defendants and/or their assigns and successors in interest to the above-described property pay to the Plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $102,943.21 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 3 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Jackson County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Jackson County Courthouse in the City of Murphysboro, Illinois.

It is further **ORDERED** that judgment is entered in favor of the United States and against Joshua S. Dwight and Amy J. Dwight.  The real estate shall be sold free and clear of any claimed lien of Joshua S. Dwight and Amy J. Dwight.

It is further **ORDERED** that the United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 3 of this decree to be sold, by

previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that the plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS § 5/15-1602, or 30 days after entry of this judgment of foreclosure pursuant to 735 ILCS § 5/15-1603(b)(4).

6

It is further **ORDERED** that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of said proceeds he shall pay to the Plaintiff $102,943.21, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf. Said United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

It is further **ORDERED** from the date of entry of this judgment of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagors shall be entitled to retain possession of the above-described real estate.  After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court.  The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of the said 30-day time period.  In default of mortgagors so doing, an order of ejectment shall issue.

It is further **ORDERED** that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the

recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

It is further **ORDERED** that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

It is further **ORDERED** that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time.

**SO ORDERED.**

Dated: November 22, 2022

_____
DAVID W. DUGAN
United States District Judge